UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Isaiah Samuel Meadows,                                    Case No. 1:18-cv-2751

        Petitioner

    v.                                                          MEMORANDUM OPINION
                                                                            AND ORDER

Warden Eric Ivey,

        Respondent

## Background

*Pro se* petitioner Isaiah Samuel Meadows, an Ohio prisoner, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.) In his Petition, he contends his state and federal constitutional rights were violated during state criminal proceedings against him in Case No. CR-16-607612 in the Cuyahoga County, Ohio Court of Common Pleas. He seeks "to be released immediately" and awarded compensatory and punitive damages. (*Id.* at 8.)

The public docket in Petitioner's state criminal case indicates that he pleaded guilty in March 2017 to multiple offenses, including rape with firearm specifications, and that he was sentenced to prison on the convictions. He subsequently appealed his convictions to the Ohio Court of Appeals, raising multiple assignments of error. After the State conceded the first assignment of error – that the trial court violated Petitioner's "Federal and State constitutional rights to due process of law and Crim. R. 11 when it accepted appellants [sic] guilty pleas without informing him of the constitutional rights he was waiving in entering his pleas" – the Court of Appeals reversed his convictions on November 2, 2017, and remanded the case to the trial court. *State v. Meadows*, 2017 -Ohio- 8407, 2017 WL 5036663, at *1 (Ohio Ct. App. Nov. 2, 2017).

At the time Petitioner filed his Petition on November 29, 2018, he was a pre-trial detainee awaiting trial in the remanded case. The state court docket indicates that in February 2019, he was tried and convicted by a jury of rape with a firearm specification, as well other offenses, and that he was resentenced to prison. The website of the Ohio Department of Rehabilitation and Correction indicates he is currently incarcerated on his convictions in the Mansfield Correctional Institution.

**Law and Analysis**

District courts must conduct a preliminary review of a *habeas corpus* petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

Upon review, I must summarily dismiss the Petition.

A petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a State court" must challenge his conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee being held at the county jail, however, is not in custody pursuant to the judgment of a State court, but is instead in custody pursuant to an indictment, and therefore may pursue *habeas corpus* relief under § 2241. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013); *Jackson v. Shobert*, No. 1: 13 CV 840, 2013 WL 4012781 (N.D. Ohio Aug. 6, 2013).

At the time he filed his Petition, Petitioner was in pretrial custody awaiting trial. But shortly after he filed his Petition, he was tried and convicted. He is now in custody pursuant to that judgment of conviction.

Regardless of whether Petitioner's claims are properly brought under § 2241 or § 2254 in this context, both statutes require petitioners to exhaust their available state court remedies before

seeking federal *habeas corpus* relief. *See Jackson*, 2013 WL 4012781 at *1, citing *Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973) (exhaustion doctrine applies to § 2241 petitions) and *Baldwin v. Reese*, 541 U.S. 27 (2004) (§ 2254 requires exhaustion of state court remedies).

Exhaustion requires that a petitioner fairly present the substance of his claims to the highest court in the state, and it is the petitioner's burden to demonstrate that he has fully and fairly exhausted the state court remedies available to him with respect to his claims. *Prather v. Rees*, 822 F.2d 1418, 1420, n. 3 (6th Cir. 1987). *See also Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009) ("the doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition"); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims").

Petitioner has not demonstrated on the face of his Petition that he has fully exhausted his claims in the Ohio courts. Accordingly, his Petition is premature and must be dismissed.

**Conclusion**

Petitioner's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons I have stated above, his Petition is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases without prejudice to his re-filing upon a demonstration that he has fully exhausted his claims in the Ohio courts. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge